IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-30048 |
| | ) | |
| BILL LARON STAPLETON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on October 14, 2005, for the sentencing of Defendant Bill Laron Stapleton. Defendant Stapleton appeared in person and by his attorney Assistant Federal Defender Douglas Beevers. The Government appeared by Assistant U.S. Attorney Esteban Sanchez. On June 9, 2005, Defendant Stapleton pleaded guilty to Mail Fraud in violation of 18 U.S.C. § 1341, as alleged in Count 1 of the Indictment. The United States Probation Office prepared a Presentence Investigation Report, dated October 14, 2005 (PSR). The Government had no objections to the PSR.

Defendant Stapleton raised the following objection to the PSR:

1

Paragraph 47

Defendant Stapleton objected to the two-level enhancement in his offense level given because the Probation Office found that a substantial part of the fraudulent scheme was committed from outside the United States. U.S.S.G. § 2F1.1(b)(6)(B). Stapleton argued that the entire scheme occurred outside the United States, and so the enhancement did not apply. Defendant Stapleton cited no authority to support his position. For the reasons stated of record, the Court overruled the objection. First, Defendant Stapleton transferred money to the Bank of Springfield, in Springfield, Illinois, as part of the scheme. Thus, a small part of the scheme occurred within the United States. Second, even if all of the scheme occurred from outside the United States, then by definition, a substantial part of the scheme occurred from outside the United States. The enhancement applied. The objection was overruled.

Defendant Stapleton had no other objections to the PSR. The Court therefore adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Stapleton had a Guideline offense level of 17 and was in criminal history category I, resulting in a sentencing range of 24 to 30 months in Zone D of the Guideline range. The Guideline range is

only advisory, and the Court exercised its discretion to determine Defendant Stapleton's sentence. United States v. Booker, __ U.S. __, 125 S.Ct. 738 (2005).

For the reason stated of record, the Court sentenced Defendant Stapleton to a term of 28 months imprisonment on Count 1, to be followed by 3 years of supervised release, and imposed a $100.00 special assessment. Defendant Stapleton also was ordered to pay restitution in the sum of $262,101.82. The restitution is owed to the victims of the scheme as follows: $50,000.00 to David Lawson Jr.; $168,043.27 to Teresa L. Kriner; and $44,058.55 to Frederick L. Smith. The restitution is to be paid as follows: (1) while in prison, Defendant Stapleton shall pay, in quarterly installments, the greater of: (a) the sum of $25.00, or (b) 50 percent of his monthly earnings; and (2) Defendant Stapleton shall pay the unpaid balance within six months of the date that he is released from imprisonment.[1] The special assessment is due immediately. Should Defendant Stapleton receive a sum of money from any source that exceeds the amount of the then unpaid restitution, he shall report the matter to the

---

[1] Defendant, through counsel, acknowledged the ability to pay restitution in full within 6 months of his release from prison.

Probation Office and the entire unpaid balance of the restitution shall be immediately due and payable.  Should the Defendant fail to make any prescribed payment without giving prior notice to the Probation Office or the Court, the entire amount of the unpaid balance of the restitution shall be immediately due and payable.  No fine was imposed.

The Court recommended that the Federal Bureau of Prisons place the Defendant as close to El Paso, Texas, as possible.

IT IS THEREFORE SO ORDERED.

ENTER:  October 17, 2005.

FOR THE COURT:

          s/ Jeanne E. Scott
          JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE